IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MATTINGLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO SHERIFF DEPARTMENT, POLICE OFFICER MILEN S. BANEGAS, and DOES 1-100,<br><br>　　　　　Defendants. | Case No.: 10-0193 JSC<br><br>**ORDER RE: PRETRIAL CONFERENCE AND MOTIONS IN LIMINE** |

　　　　The Court held a Pretrial Conference in this case on February 9, 2012 and for the reasons stated in open court the Court issues the following rulings.

**A.　　MOTIONS IN LIMINE**

**Plaintiff's Motions in Limine**

**1.　Motion 1 – to exclude evidence regarding the assault leading up to the incident at issue**

　　　　The Court grants Plaintiff's Motion in Limine No. 1 in part. The motion is granted as to Plaintiff's request to exclude the 911 recordings. The 911 recordings are hearsay and

irrelevant since Officer Banegas and Officer Tam did not personally hear the 911 calls. This ruling is without prejudice to Defendants showing at trial that they are otherwise relevant and admissible based on the evidence at trial. The parties' Stipulation and Order re: Evidence filed February 10, 2012 indicates that the parties have agreed not to submit any evidence or make any arguments regarding Plaintiff's dismissal of claims.

### 2. Motion 2 – to exclude evidence regarding Defendants' biomechanical expert

Plaintiff's objections to Defendants' biomechanical expert, Dr. Robertson, go to the weight rather than the admissibility of his testimony. The motion is therefore denied.

### 3. Motion 3 – to exclude expert testimony regarding the cause of Plaintiff's injury

The parties appear to be in agreement on this issue. Neither party's expert may testify as to how Plaintiff's injury occurred; they may, however, testify regarding how this type of injury commonly occurs.

### 4. Motion 4 – to exclude prejudicial evidence regarding Plaintiff

This motion is granted in part. Defendants are precluded from introducing evidence or questioning Plaintiff regarding Plaintiff's 1998 arrest for public intoxication. Any probative value of this evidence is outweighed by its prejudicial effect.

### 5. Motion 5 – to exclude evidence concerning irrelevant and prejudicial matters

As discussed above, the parties have agreed not to submit any evidence or argument regarding Plaintiff's dismissal of claims. Plaintiff's motion to exclude any evidence as to the officers' good faith or feelings is granted in part. Defendants are precluded from introducing any evidence regarding the officers' feelings about being sued; any such evidence is irrelevant. However, given the allegations regarding Officer Banegas' conduct, evidence of her good faith with respect to the incident at issue is relevant and Defendants' motion is denied as to this issue.

**Defendants' Motions in Limine**

**1. Motion 1 – to exclude Plaintiff's expert testimony regarding police practices**

Plaintiff proposes to have his police practices expert testify regarding three subjects: 1) pain compliance techniques, 2) injuries which result from use of a particular pain compliance technique, and 3) proper handcuffing procedures. Plaintiff proposes to have his police practices expert, Mr. Van Blaricom, testify that what Plaintiff has described as occurring after Officer Banegas placed the handcuffs on him is "a recognized pain compliance technique actually used by police officers in California and elsewhere." However, Mr. Van Blaricom has no knowledge of this pain compliance technique being used by the San Francisco Police Department or its officers. Without any evidence of a connection between this pain compliance technique and Officer Banegas or the San Francisco Police Department, Mr. Van Blaricom's testimony regarding this matter would be lacking in foundation, speculative, irrelevant, and unhelpful to the jury, and is therefore excluded. Any testimony regarding injuries which commonly result from use of this pain compliance technique is also excluded on the ground that Mr. Van Blaricom is not a medical expert. With respect to the issue of proper handcuffing techniques, because Mr. Van Blaricom did not include anything regarding proper handcuffing techniques in his expert report, he is precluded from testifying regarding this subject at trial. See Fed. R. Civ. P. 26(a)(2).

**2. Motion 2 – to limit the testimony of Plaintiff's retained orthopedist**

Defendants' motion to limit Plaintiff's expert, Dr. Sampson, from testifying that Plaintiff's arm was not broken prior to his encounter with Officer Banegas and Officer Tam is granted.

**B. WITNESS LISTS**

The parties are ordered to meet and confer regarding the witness list and are urged to limit their witness lists. The parties shall submit a joint list of each party's respective witnesses by February 17, 2012.

In accordance with the Court's Pretrial Order, at the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).  The first notice shall be exchanged prior to the first day of trial.  All such notices shall be provided in writing.

## C.     VOIR DIRE

The Court will file an order regarding the proposed form for voir dire and a statement of the case to be read to the jury pool by February, 17, 2012.  The parties may file a response to the Court's order by February 22, 2012.

## D.     TRIAL

Trial will commence on February 27, 2012 at 8:30 a.m.  Jury Selection will take place in Courtroom D, but the trial itself will take place in Courtroom F.  Trial will go from 8:30 a.m. until 2:00 or 3:00 p.m. every day.  The trial is expected to last six to seven court days.

**IT IS SO ORDERED.**

Dated: February 10, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE